Dennis P. Howell, Esq., SBN 78806
Rebecca Connolly, Esq., SBN 145482
GRUNSKY, EBEY, FARRAR & HOWELL
A Professional Corporation
240 Westgate Drive
Watsonville, CA 95076
Telephone (831) 722-2444
Facsimile  (831) 722-6153

Attorneys for Defendant, The Regents of the
University of California and Dan Wood

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| COURTNEY A. BLACKBURN,<br><br>             Plaintiff.<br><br>     vs.<br><br>REGENTS OF THE UNIVERSITY OF CALIFORNIA, et al.,<br><br>             Defendants. | No.  C07-4151 JF (RS)<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS**<br><br>Date:  March 21, 2008<br>Time:  9:00 a.m.<br>Court: Courtroom 3, Fifth Floor |

PRMC19630/mo-12b6.doc
**C07-4151 JF (RS)**
**Notice of and Motion to Dismiss; Memorandum in Support of Motion to Dismiss**

# TABLE OF CONTENTS

**Page**

NOTICE OF MOTION..................................................................................................................1

I. PRELIMINARY STATEMENT. ........................................................................................1

II. STATEMENT OF FACTS ..................................................................................................2

III. DISCUSSION ......................................................................................................................5

    A. Standards Applicable to Motion to Dismiss ...........................................................5

    B. Plaintiff's First, Second, Third and Fourth Causes of Action are Barred as the Plaintiff Failed to Timely File an Administrative Charge Regarding the Alleged Unlawful Employment Actions.........................................................5

        1. Plaintiff Must Have Filed His Administrative Charge of Discrimination within 300-Days of Each Discrete Act of Discrimination to State a Claim Under Title VII..............................................6

        2. Plaintiff Must Have Filed His Administrative Charge of Discrimination within One Year of Each Discrete Act of Discrimination to State a Claim Under California Government Code § 12940 et seq.......................................................................7

    C. The Eleventh Amendment Provides Immunity to the Defendants as to the Fifth, Sixth and Seventh Causes of Action ..................................................8

IV. CONCLUSION....................................................................................................................9

i

PRMC19630/mo-12b6.doc
**C07-4151 JF (RS)**
**Notice of and Motion to Dismiss; Memorandum in Support of Motion to Dismiss**

# TABLE OF AUTHORITIES

**Page**

**Cases**

*AMTRAK v. Morgan*, 536 U.S. 101 (2002) ...................................................................................6

*Armstrong v. Meyers*, 964 F.2d 948 (9th Cir. 1992)......................................................................8

*Binum v. Warner*, 2007 U.S. Dist. LEXIS 767 (Dist. Or. 2007) ...................................................8

*Branch v. Tunnell*, 14 F.3d 449  (9th Cir. 1994)............................................................................1

*BV Eng'g v. Univ. of Cal., L.A.,* 858 F.2d 1394 (9th Cir. 1988).....................................................8

*EEOC v. Hacienda Hotel*, 881 F.2d 1504 (9th Cir. 1989)..............................................................7

*Gilbreath v. Cutter Biological, Inc*. 931 F.2d 1320 (9th Cir. 1991). .............................................8

*Jablon v. Dean Witter & Co.,* 614 F.2d 677 (9th Cir. 1980...........................................................5

*Laquaglia v. Rio Hotel & Casino, Inc*., 186 F.3d 1172 (9th Cir. 1999) ........................................6

*Ledbetter v. Goodyear Tire & Rubber Co.*, ___ U.S. ___, 127 S. Ct. 2162 (2007). .....................6

*MGIC Indem. Corp v. Weisman*, 803 F.2d 500  (9th Cir. 1986) ...................................................2

*Morley v. Walker*, 175 F.3d 756 (9th Cir.1999) ............................................................................5

*Parrino v. FHP, Inc.,* 146 F.3d 699 (9th Cir. 1998) ......................................................................2

*Pena v. Gardner,* 976 F.2d 469 (9th Cir. 1992).............................................................................5

*Pittman v. State of Oregon,* 509 F.3d 1065 (9th Cir. 2007).........................................................8

*Thompson v. City of L.A*., 885 F.2d 1439 (9th Cir. 1989) .............................................................8

**Statutes**

29 C.F.R. § 1601.13 ........................................................................................................................7

42 U.S.C. § 1981.........................................................................................................................1, 8

42 U.S.C. § 1983.........................................................................................................................1, 8

42 U.S.C. § 2000*e* ............................................................................................................1, 4, 5, 6

Cal. Const., Art IX, § 9 ...................................................................................................................1

U.S. Const. amend. XI ............................................................................................................1, 8, 9

PRMC19630/mo-12b6.doc
**C07-4151 JF (RS)**
**Notice of and Motion to Dismiss; Memorandum in Support of Motion to Dismiss**

# NOTICE OF MOTION

TO PLAINTIFF AND HIS ATTORNEY OF RECORD:

PLEASE TAKE NOTICE that on March 21, 2008 at 9:00 a.m. in Courtroom 3, before the Honorable Jeremy D. Fogel of the above-entitled court, defendants The Regents of the University of California and Dan Wood will move to dismiss plaintiff's Complaint for Damages for Violation of Civil Rights pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.

## I.

## PRELIMINARY STATEMENT

The Complaint filed August 13, 2007 ("Complaint") alleges both federal claims for relief (Third, Fourth, Sixth and Seventh) and state law claims for relief (First, Second and Fifth). The face of the Complaint reveals that each and every cause of action fails to state a claim for relief. The Third and Fourth Cause of Action alleging unlawful employment practices in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000*e et seq.*, (hereinafter "Title VII") are barred because plaintiff failed to file his EEOC charge within 300-days of the discriminatory acts alleged therein. The Sixth, Seventh and Fifth Causes of Action, alleging deprivation of civil rights under 42 U.S.C. § 1983, 42 U.S.C. § 1981 and the California Constitution respectively, cannot be asserted against these defendants under the Eleventh Amendment to the United States Constitution. Under Rule 12(b)(6) of the Federal Rules of Civil Procedure,[1] all causes of the action alleged against The Regents[2] and Dan Wood fail to state claims for relief and should be dismissed.

## II.

## STATEMENT OF FACTS

All references to the facts are taken from the allegations as stated in the Complaint, documents referenced therein, and matters subject to judicial notice. *See, e.g., Branch v. Tunnell*, 14 F.3d 449, 453-54 (9th Cir. 1994) (holding that on a Rule 12(b)(6) motion, the Court should limit its inquiry to

---

[1] Hereinafter, all references to "Rule" are to the Federal Rules of Civil Procedure.

[2] The University of California, Santa Cruz, is not a proper party to the Complaint as it is not a separate legal entity from The Regents. Cal. Const., Art IX, § 9.

---

1

PRMC19630/mo-12b6.doc
**C07-4151 JF (RS)**
**Notice of and Motion to Dismiss; Memorandum in Support of Motion to Dismiss**

the face of the complaint, documents referenced therein and matters subject to judicial notice). The Ninth Circuit has consistently held that a court can take judicial notice of matters of public record outside of the pleadings, including documents filed in another lawsuit, on a motion to dismiss. *See, e.g., Parrino v. FHP, Inc.,* 146 F.3d 699, 706 (9th Cir. 1998) ("We therefore hold that a district court ruling on a motion to dismiss may consider a document the authenticity of which is not contested, and upon which the plaintiff's complaint necessarily relies"); *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986) ("On a motion to dismiss, we may take judicial notice of matters of public record outside the pleadings").

Plaintiff was hired as a lecturer in or around April 1980 by the Office of Physical Education, Recreation and Sports ("OPERS") at the University of California, Santa Cruz ("UCSC") campus. *See* Complaint at ¶ 7. Plaintiff's position was Physical Education Program Instructor and he was hired to teach two Tai Chi classes for four hours per week. *Id.* at ¶ 8. Plaintiff is an accomplished martial artist. *Id.* at ¶ 9. After 10 years of employment, plaintiff's hours were increased. *Id.* at ¶ 11. Plaintiff alleges that when he received this increase referenced in paragraph 11 (sometime in approximately 1990-1991) his requested increases in his class time that had been granted to others and was denied. *Id.* at ¶ 12. In 1995, plaintiff's hours were increased from six (6) to twelve (12) hours by the addition of a fencing class to plaintiff's teaching responsibilities. *Id.* at ¶ 14.

Plaintiff was promised in the early 1990s by Dan Wood that plaintiff would be brought up to half-time through the addition of either Tai Chi or fencing program hours. *Id.* at ¶ 16. In 1996, plaintiff's position title was reclassified to Physical Instructor II, at which time he became an exempt employee. *Id.* at ¶ 17. Plaintiff was granted a half-time position with 22 hours per week in 2000. *Id.* at ¶ 17. Plaintiff reached his pay ceiling as a half time person in 2000, and plaintiff alleges that he is paid less than other similarly situated instructors not of his protected class. *Id.* at ¶ 19.

Between 1995 and 2005, the plaintiff acted as a fencing coach; he did not receive any compensation for this work despite numerous requests. *Id.* at ¶ 20. In January 2005, a fencing coach was hired for the club, not of plaintiff's race or national origin, and was compensated for his work as a fencing coach. *Id.* at ¶ 22.

2

PRMC19630/mo-12b6.doc
**C07-4151 JF (RS)**
**Notice of and Motion to Dismiss; Memorandum in Support of Motion to Dismiss**

1   Between 1982 and 2007, plaintiff made four to five requests per year for promotion to full-time status. *Id.* at ¶ 24. In 2004, Lisa Norris, a younger white female was given the position of supervisor despite plaintiff's superior experience and qualifications. *Id.* at ¶ 30. In early 2006, Dan Wood promised plaintiff a fencing supervisor position that was never fulfilled. In May of 2005, plaintiff visited the NAACP to seek intervention and assistance. *Id.* at ¶ 25. In 2006, NAACP lodged a complaint of racial discrimination. *Id.* at ¶ 26.

Plaintiff taught Tai Chi at the UCSC Wellness Center during 2004-2005. Though he expected to return in the fall 2005, another Tai Chi teacher not of plaintiff protected class was hired to replace him. *Id.* at ¶ 39. This occurred after plaintiff made complaints to the NAACP (in May of 2005 as referenced in paragraph 25 above). *Id.* at ¶ 39.

On September 15, 2005, plaintiff filled a complaint with the Equal Employment Opportunity/Affirmative Action ("EEO/AA") office at UCSC alleging discrimination on the basis of race, color, age. *Id.* at ¶ 32; Request Jud. Notice Exh. "F". On November 23, 2005, the Director of the EEO/AA office issued a report concluding that there was no evidence of discrimination or retaliation against Plaintiff. Complaint at ¶ 33; Request Jud. Notice Exh. "G". The administrative record with respect to the EEO/AA administrative decision reflects that the fencing coach was hired in the fall of 2004. *See* Request Jud. Notice Exh. "H" at p. 358.

On January 13, 2006, plaintiff made a written request to Dan Wood requesting that the plaintiff be promoted and hired on a full time basis. Complaint at ¶ 34. Dan Wood referred plaintiff to Cindy Mori, the Coordinator for the Physical Education Department. *Id.* at ¶ 35. On March 20, 2006, the plaintiff wrote Cindy Mori to request that he be promoted and hired on full time basis. *Id.* at ¶ 36. On May 17, 2006, Ms. Mori responded that there were no monies available. *Id.* at ¶ 37. Approximately one year later, on May 3, 2007, plaintiff renewed his request to no avail. *IbId.*

In a letter dated April 3, 2006, the plaintiff complained to the then Chancellor about his situation who referred him to the EEO/AA office and the EEOC. *Id.* at ¶ 38.

On January 4, 2006, plaintiff filed a charge with the EEOC alleging race discrimination only. *See* Complaint ¶ 40; Request Jud. Notice Exh. "A". The dates of discrimination were alleged to have taken place between November 11, 2005 and December 14, 2005. The specific allegation was stated

3

PRMC19630/mo-12b6.doc
**C07-4151 JF (RS)**
**Notice of and Motion to Dismiss; Memorandum in Support of Motion to Dismiss**

as follows:

> I have worked for respondent as a PE instructor II since 1995. I was the fencing club coach as well and I received no pay for this duty of fencing club coach. I have been replaced in my coaching duties by a white male, Eric Hansen, who is the fencing club coach and he is being paid for this duty. I also requested that a number and level of classes I teach be expanded before the new coach was hired. I also do not have an office, wherein other teachers have offices on campus. I do my class work at home.
>
> I do not know why I was not paid as the fencing coach.
>
> I believe I have been discriminated against because of my race, (black), in violation of Title VII of the Civil Rights Act of 1964, as amended.

*See* Request Jud. Notice Exh. "A"; *see also* Exh. "E" (amended charge filed January 11, 2006).

The EEOC dismissed the charges on May 15, 2007 stating that "[b]ased upon its investigation the EEOC is unable to conclude that the information obtained establishes violations of the statute. . . ." A right to sue letter was issued at that time. *See* Request Jud. Notice Exh. "B".

A second EEOC charge was filed on August 14, 2007. *See* Request Jud. Notice Exh. "C"; Complaint at ¶ 42. In that charge, Mr. Blackburn alleges that he was discriminated against based on race and age and has suffered from retaliation. He places the last date of the discriminatory act as January 30, 2006. *See* Request Jud. Notice Exh. "C". His allegations were stated in the charge as follows:

> I was hired by respondent on or around 1980. My most recent position was PE instructor II. On our around 2003 and 2004, I was passed over for promotions to hire positions such as supervisor. These promotions were given to younger, non black individuals. On December 14, 2005, I filed EEOC charge number 370-2006-00061 against respondent. On or around January 2006, respondent hired a non black individual to replace me as Tai Chi teacher.
>
> Respondent did not state a reason for its actions.
>
> I believe that I had been retaliated against for engaging in a protected activity and discriminated against because of my race, black, in violation of Title VII of the Civil Rights Act of 1964, as amended, and age, in violation of the Age Discrimination in Employment Act of 1967, as amended.

*See* Request Jud. Notice Exh. "C".

The EEOC dismissed the action on August 14, 2007 stating "Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge[.]" A right to sue letter was issued at that time. *See* Request Jud. Notice Exh. "D".

4

PRMC19630/mo-12b6.doc
**C07-4151 JF (RS)**
**Notice of and Motion to Dismiss; Memorandum in Support of Motion to Dismiss**

# III.

# DISCUSSION

## A. Standards Applicable to Motion to Dismiss

A motion to dismiss based on immunities and other affirmative defenses revealed on the face of the complaint is proper under Rule 12. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir.1999); *Jablon v. Dean Witter & Co.,* 614 F.2d 677, 682 (9th Cir. 1980). "[A] pro se complaint will be liberally construed and will be dismissed only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Pena v. Gardner,* 976 F.2d 469, 471 (9th Cir. 1992). Nevertheless, "a liberal interpretation of a [pro se] complaint may not supply essential elements of the claim that were not initially pled." *Id.*

## B. Plaintiff's First, Second, Third and Fourth Causes of Action are Barred as the Plaintiff Failed to Timely File an Administrative Charge Regarding the Alleged Unlawful Employment Actions

In order to state a claim for relief under Title VII and California Government Code § 12940 *et seq.* ("FEHA")*,* the plaintiff must establish that he has timely filed an administrative charge with either the EEOC or the California Department of Fair Employment and Housing ("DFEH").

The following distinct unlawful employment practices are alleged in the Complaint: (1) the failure to compensate plaintiff for coaching between 1995 and 2005 (Complaint ¶¶ 20 & 21); (2) the failure to hire the plaintiff as a fencing coach in January of 2005 (Complaint at ¶ 22); (3) the failure to promote plaintiff to full-time status between 1982 and 2007, and specifically pursuant to his written request on March 20, 2006 and May 3, 2007 (Complaint at ¶¶ 24, 36, 37); (4) the failure to promote plaintiff to a supervisor position in 2004 (Complaint at ¶ 30); (5) the failure to create a fencing supervisor position in early 2006 (Complaint at ¶¶ 31); (6) the failure to hire plaintiff as a Tai Chi instructor at the UCSC Wellness Center in the fall of 2005 (Complaint at ¶ 39).

As demonstrated below, plaintiff did not timely file an administrative charge regarding the alleged unlawful employment actions, and therefore, plaintiff's First, Second, Third and Fourth Causes of Action are time barred.

*1. Plaintiff Must Have Filed His Administrative Charge of Discrimination within 300-Days of Each Discrete Act of Discrimination to State a Claim Under Title VII*

5

PRMC19630/mo-12b6.doc
**C07-4151 JF (RS)**
**Notice of and Motion to Dismiss; Memorandum in Support of Motion to Dismiss**

Plaintiff's Third and Fourth Causes of Action allege unlawful discrimination under Title VII. The Complaint raises discrete acts of discrimination that are separately actionable and temporally distinct as defined by the United States Supreme Court in *Ledbetter v. Goodyear Tire & Rubber Co.*, ___ U.S. ___, 127 S. Ct. 2162, 2175 (2007). Examples of discrete acts of discrimination include termination, failure to promote, refusal to hire, and failure to transfer. *Ibid.* Thus, to state a claim for relief under Title VII, the plaintiff was required to file a charge of discrimination within 300-days of each discriminatory act.

> . . . .[D]iscrete discriminatory acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges. Each discrete discriminatory act starts a new clock for filing charges alleging that act. The charge, therefore, must be filed within the 180- or 300-day time period after the discrete discriminatory act occurred.

*AMTRAK v. Morgan*, 536 U.S. 101, 114 (2002); *Laquaglia v. Rio Hotel & Casino, Inc*., 186 F.3d 1172 (9th Cir. 1999) (holding 300-day period applies in California).

Here, plaintiff's first EEOC charge, received January 4, 2006, alleged discrimination based on race regarding the following acts: (1) the failure to pay plaintiff for his duty as a fencing club coach between 1995 and his replacement in January of 2005 (Complaint ¶¶ 20-22; Request Jud. Notice Exh. "A"); (2) his replacement as a fencing club coach in January of 2005 (Complaint ¶ 22; Request Jud. Notice Exh. "A"); (3) the failure to increase the number of courses he teaches pursuant to his request prior to the hiring of the new fencing coach in January of 2005 (Complaint ¶ 21; Request Jud. Notice Exh. "A").

The filing of the EEOC charge on January 4, 2006 is more than 300-days beyond the discriminatory acts alleged therein. Thus, plaintiff's action based on these discrete acts is time barred. *Ledbetter*, 127 S. Ct. at 2169 (stating that "[t]he EEOC charging period is triggered when a discrete unlawful practice takes place. A new violation does not commence, upon the occurrence of subsequent nondiscriminatory acts that entail adverse effects resulting from the past discrimination.")

Similarly, the discrete unlawful employment practices alleged in the second EEOC charge are also time barred. These discrete acts include the following: (1) On or around 2003 and 2004, plaintiff was passed over for promotions to higher positions such as Supervisor (Complaint ¶30; Exhibit "C");

6

PRMC19630/mo-12b6.doc
**C07-4151 JF (RS)**
**Notice of and Motion to Dismiss; Memorandum in Support of Motion to Dismiss**

(2) On or around January 2006, a non-black individual was hired to replace him as a Tai Chi instructor (Complaint at ¶ 39; Exhibit "C"). The second EEOC charge was filed August 14, 2007. Thus, the face of the Complaint reveals that the acts included therein were filed more than 300-days beyond the occurrence of each discriminatory act. Even assuming that the acts alleged in paragraphs 34 through 38 are also included in the scope of the second EEOC charge, which The Regents disputes, such acts would also be untimely as these discrete acts occurred more than 300-days prior to August 14, 2007.³

    2.   *Plaintiff Must Have Filed His Administrative Charge of Discrimination within One Year of Each Discrete Act of Discrimination to State a Claim Under California Government Code § 12940 et seq.*

Plaintiff's First and Second Causes of Action allege unlawful discrimination under FEHA. An employee must file a complaint with the DFEH within one year from the date of the unlawful discrimination. Cal. Gov't Code § 12960(d). In filing his charges with the EEOC, the plaintiff was deemed to have filed his administrative charge at the same time with the DFEH. *See* 29 C.F.R. § 1601.13(a)(3); *see also EEOC v. Hacienda Hotel*, 881 F.2d 1504, 1510 (9th Cir. 1989).

Here, as demonstrated above, the first EEOC charge was filed more than one-year from the date that the unlawful discrimination in that charge occurred. The charge was filed on January 4, 2006 and while plaintiff alleges that the fencing instructor was hired on an unknown date in January of 2005, the administrative record establishes that he was replaced as the fencing coach in the fall of 2004. All of the dates alleged in the first EEOC charge are alleged to have occurred prior to the hiring of the fencing coach. The second EEOC charge filed on August 14, 2007 is also based on alleged unlawful employment practices that occurred more than one year prior to the filing of the second EEOC charge. Thus, plaintiff's FEHA claims based on the first and second EEOC charge are time barred.

//

//

---

3 The second EEOC charge does not include any allegation regarding his May 3, 2007 written request to Ms. Mori to be promoted and hired on a full-time basis found in paragraph 37 of his Complaint. This would be the only act that would fall within the 300-day time period.

7

PRMC19630/mo-12b6.doc
**C07-4151 JF (RS)**
**Notice of and Motion to Dismiss; Memorandum in Support of Motion to Dismiss**

**C. The Eleventh Amendment Provides Immunity to the Defendants as to the Fifth, Sixth and Seventh Causes of Action**

The Ninth Circuit has consistently held that The Regents are an arm of the State of California and entitled to Eleventh Amendment immunity. *See, e.g., Armstrong v. Meyers*, 964 F.2d 948, 949-50 (9th Cir. 1992); *Thompson v. City of L.A.*, 885 F.2d 1439, 1443 (9th Cir. 1989). The Regents, as an arm of the state, are generally immune from § 1983 actions. *See BV Eng'g v. Univ. of Cal., L.A.*, 858 F.2d 1394, 1395 (9th Cir. 1988). Eleventh Amendment immunity has been extended to § 1981 claims. *See Pittman v. State of Oregon,* 509 F.3d 1065 (9th Cir. 2007). Finally, the Eleventh Amendment also bars the state law tort claims such as the Fifth Cause of Action alleging a violation of the California Constitution. *See Gilbreath v. Cutter Biological, Inc*. 931 F.2d 1320, 1327 (9th Cir. 1991). Thus, plaintiff's Fifth, Sixth and Seventh Causes of Action should be dismissed as to The Regents.

With respect to defendant Wood, there are no allegations in the Complaint that allege that defendant Wood was acting in his individual capacity. Insofar as the Complaint sets forth facts establishing that defendant Wood was acting in his official capacity, the Eleventh Amendment bars such claims.

> Section 1981 permits a cause of action against individual state actors if the individual was personally involved in the discrimination and intentionally caused the infringement of rights protected by § 1981. [citations omitted.] However, plaintiff does not bring suit against defendant in her individual capacity; rather, plaintiff brings suit against defendant in her official capacity. Furthermore, in response to defendant's motion, plaintiff does not allege liability in an individual capacity or allege facts to support such a claim. As such, plaintiff's claims against defendant in her official capacity are brought against the State. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71, 109 S. Ct. 2304, 105 L. Ed. 2d 45 (1989).

*Binum v. Warner*, 2007 U.S. Dist. LEXIS 767 (Dist. Or. 2007)

//

//

//

//

8

PRMC19630/mo-12b6.doc
**C07-4151 JF (RS)**
**Notice of and Motion to Dismiss; Memorandum in Support of Motion to Dismiss**

## IV.
## CONCLUSION

Plaintiff failed to exhaust his administrative remedies by filing a timely administrative charge with the EEOC, and therefore, his First, Second, Third and Fourth Causes of Action are time barred. Eleventh Amendment immunity bars plaintiff's Fifth, Sixth and Seventh Causes of Action. Based on the foregoing, the defendants respectfully request that the Complaint be dismissed under Rule 12(b)(6).

DATED:    February 8, 2007                    GRUNSKY, EBEY, FARRAR & HOWELL

By  */s/ Rebecca Connolly*
Rebecca Connolly, Attorneys for Defendants The Regents of the University of California and Dan Wood

9

PRMC19630/mo-12b6.doc
**C07-4151 JF (RS)**
**Notice of and Motion to Dismiss; Memorandum in Support of Motion to Dismiss**

**PROOF OF SERVICE**
**[CCP §§ 1013a, 2015.5]**

I am over the age of eighteen (18) years and not a party to the within action. I am employed by the law firm of GRUNSKY, EBEY, FARRAR & HOWELL (the "firm"), and my business address is 240 Westgate Drive, Watsonville, California 95076.

On **February 8, 2008** I caused to be served the within **REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS** on the parties to this action, by placing a true copy thereof enclosed in a sealed envelope, addressed as follows and delivered in the manner indicated:

Courtney A. Blackburn
112 Otis Street
Santa Cruz, CA 95060

__XXX__   **[By Mail]:** I caused each envelope, with postage prepaid to be placed in the United States mail at Watsonville, California. I am readily familiar with the business practices of the firm regarding the collection and processing of correspondence for mailing with the United States Postal Service. Pursuant to such business practices, and in the ordinary course of business, all correspondence is deposited with the United States Postal Service on the same day it is placed for collection and mailing.

_____   **[By Federal Express]:** I caused each envelope to be delivered to Federal Express for overnight courier to the office(s) of the addressee(s).

_____   **[By Hand Delivery]:** I caused each envelope to be delivered by hand on the office(s) of the addressee(s).

_____   **[By Fax]:** On **February 8, 2008**, I served the within document on the parties in said action by facsimile transmission, pursuant to Rule 2.306 of the California Rules of Court. A transmission report was properly issued by the sending facsimile machine and the transmission was reported as complete and without error.

I declare, under penalty of perjury under the laws of the State of California, that the foregoing is true and correct, and that this declaration was executed on **February 8, 2008** at Watsonville, California.

/s/ Alice Wilkerson
Alice Wilkerson

10

PRMC19630/mo-12b6.doc
**C07-4151 JF (RS)**
**Proof of Service**