Dennis P. Howell, Esq., SBN 78806
Rebecca Connolly, Esq., SBN 145482
GRUNSKY, EBEY, FARRAR & HOWELL
A Professional Corporation
240 Westgate Drive
Watsonville, CA 95076
Telephone (831) 722-2444
Facsimile  (831) 722-6153

Attorneys for Defendant, The Regents of the
University of California and Dan Wood

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| COURTNEY A. BLACKBURN,<br><br>               Plaintiff.<br><br>     vs.<br><br>REGENTS OF THE UNIVERSITY OF CALIFORNIA, et al.,<br><br>               Defendants. | No.   C07-4151 JF (RS)<br><br>**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS**<br><br>Date:  March 21, 2008<br>Time:  9:00 a.m.<br>Court: Courtroom 3, Fifth Floor |

Defendants, by and through their attorneys of record, hereby request that the Court take judicial notice pursuant to Federal Rules of Evidence, Rule 201 of the following documents attached hereto as Exhibits "A" through "G":

(1)     the EEOC charges of discrimination, charge number 370-2006-00061, filed by the plaintiff on January 4, 2006 referenced in the Complaint at ¶ 40 as Exhibit "A";

(2)     the Dismissal and Notice of Rights issued by the EEOC in charge numbers 370-2006-00061 referenced in the Complaint at ¶ 41 as Exhibits "B";

(3)     the EEOC charges of discrimination, charge number 556-2007-00882, filed by the plaintiff on August 14, 2007 referenced in the Complaint at ¶ 42 as Exhibit "C";

1     (4)    the Dismissal and Notice of Rights issued by the EEOC in charge numbers 556-2007-00882 as Exhibits "D";

    (5)    the amended EEOC charges of discrimination, charge number 370-2006-00061, filed by the plaintiff on January 11, 2006 as Exhibit "E";

    (6)    the complaint filed by the plaintiff with the Equal Employment Opportunity/Affirmative Action ("EEO/AA") office filed on September 15, 2005 referenced in the Complaint at ¶ 32 as Exhibit "F";

    (7)    the report issued by the EEO/AA office concluding that there was no evidence of discrimination or retaliation against plaintiff on November 23, 2005 reference in the Complaint at ¶ 33 as Exhibit "G"; and,

This Court may take judicial notice of official records and reports without converting a Rule 12(b)(6) motion into a Rule 56 motion for summary judgment. *See, e.g., Parrino v. FHP, Inc.,* 146 F.3d 699, 706 (9th Cir. 1998) ("We therefore hold that a district court ruling on a motion to dismiss may consider a document the authenticity of which is not contested, and upon which the plaintiff's complaint necessarily relies"); *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986) ("On a motion to dismiss, we may take judicial notice of matters of public record outside the pleadings").

DATED:    February 8, 2008                                   GRUNSKY, EBEY, FARRAR & HOWELL

                                                                                             By */s/ Rebecca Connolly*
                                                                                              Rebecca Connolly, Attorneys for Defendants The Regents of the University of California and Dan Wood

PRMC19630/mo-12b6-JudNot.doc
**C07-4151 JF (RS)**
**Request for Judicial Notice**

**PROOF OF SERVICE**
**[CCP §§ 1013a, 2015.5]**

I am over the age of eighteen (18) years and not a party to the within action. I am employed by the law firm of GRUNSKY, EBEY, FARRAR & HOWELL (the "firm"), and my business address is 240 Westgate Drive, Watsonville, California 95076.

On **February 8, 2008** I caused to be served the within **REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS** on the parties to this action, by placing a true copy thereof enclosed in a sealed envelope, addressed as follows and delivered in the manner indicated:

Courtney A. Blackburn
112 Otis Street
Santa Cruz, CA 95060

__XXX__    **[By Mail]:** I caused each envelope, with postage prepaid to be placed in the United States mail at Watsonville, California. I am readily familiar with the business practices of the firm regarding the collection and processing of correspondence for mailing with the United States Postal Service. Pursuant to such business practices, and in the ordinary course of business, all correspondence is deposited with the United States Postal Service on the same day it is placed for collection and mailing.

_____    **[By Federal Express]:** I caused each envelope to be delivered to Federal Express for overnight courier to the office(s) of the addressee(s).

_____    **[By Hand Delivery]:** I caused each envelope to be delivered by hand on the office(s) of the addressee(s).

_____    **[By Fax]:** On **February 8, 2008**, I served the within document on the parties in said action by facsimile transmission, pursuant to Rule 2.306 of the California Rules of Court. A transmission report was properly issued by the sending facsimile machine and the transmission was reported as complete and without error.

I declare, under penalty of perjury under the laws of the State of California, that the foregoing is true and correct, and that this declaration was executed on **February 8, 2008** at Watsonville, California.

*/s/ Alice Wilkerson*
Alice Wilkerson

PRMC19630/mo-12b6-JudNot.doc
**C07-4151 JF (RS)**
**PROOF OF SERVICE**