COURTNEY A. BLACKBURN
112 Otis Street
Santa Cruz, California 95060
Telephone:  (831) 459-2434

IN PRO SE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| COURTNEY A. BLACKBURN, | ) | Case No. C 07 4151 JF |
|---|---|---|
| | ) | |
| Plaintiff, | ) | **MEMORANDUM IN OPPOSITION TO** |
| vs. | ) | **DEFENDANTS' MOTION TO DISMISS** |
| | ) | |
| REGENTS OF THE UNIVERSITY OF | ) | **[Fed.R.Civ.P. 12(b)(6)]** |
| CALIFORNIA, et al., | ) | |
| | ) | **Date:   May 30, 2008** |
| Defendants. | ) | **Time:   9:00 A.M.** |
| | ) | **Dept.:  Courtroom 3, 5th Floor** |

## I.  INTRODUCTION

Defendant fails to establish grounds which would warrant dismissal of this lawsuit pursuant to Fed.R.Civ.Proc. 12(b)(6).  Plaintiff has alleged a set of facts in support of his claim which, if proven, would entitle him to relief.   The complaint alleges facts sufficient to state a claim under 42 U.S.C. § 1981 and 42 U.S.C. § 1983 against Dan Wood in his individual capacity and against Wood in his official capacity for prospective injunctive relief, the Eleventh Amendment notwithstanding.  As for the discriminatory denial of promotion claim, even if it does not appear within the four corners of the EEOC charges, it appears in Plaintiff's EEOC questionnaire, and the questionnaire must also be deemed the "charge" according to recent U.S.

Supreme Court authority. Additionally, the promotion claim falls within the scope of a reasonable EEOC investigation of the charges, and under Ninth Circuit precedent, exhaustion is satisfied for this reason as well. Alternatively, Plaintiff respectfully requests that the Court grant leave to amend to cure deficiencies in the complaint, if necessary.

## II. FACTS

The complaint alleges the following: Plaintiff, an African-American male, was hired as a Physical Education Program Instructor in or around April 1980 by the Office of Physical Education, Recreation and Sports ("OPERS") at University of California, Santa Cruz ("UCSC") campus. He was hired to teach two sections of Tai Chi classes for four hours per week, and his appointment ended at the end of each school year and was renewed at the beginning of each new year. Shortly after his fall 1980 hire, Plaintiff began requesting his hours be increased to a half-time or greater than half-time position, to no avail. Ten (10) years later, after he discovered that other teachers had been granted 50% increases in their hours, Plaintiff requested an equal increase. He was granted two (2) additional hours.

In 1995, Plaintiff's hours were increased from six (6) to twelve (12) hours, based on adding fencing to Plaintiff's teaching responsibilities. This was a part-time appointment, or a 28.73% appointment. In 1996, Plaintiff's position title was reclassified to Physical Instructor II, at which time he became an exempt employee. But he remained part-time. In 2000, after 20 years of employment with UCSC, he finally received a half-time position of 22 hours per week with benefits. According to Defendants, Plaintiff, as a half-time employee, has reached a salary maximum of $14, 313.29. Plaintiff alleges he is paid less than other similarly situated instructors not of his protected class.

From 1995 to 2005, Plaintiff spent an additional one-third time engaged in fencing and coaching duties. However, he was never compensated for any of this work, despite numerous

requests.   Between 1995 and 2005, Dan Wood and other officials denied his multiple requests for compensation.   Additionally, UCSC hired a coach for the fencing club, not of Plaintiff's race or national origin, and UCSC compensated this individual for his work as fencing coach January 2005.

Between 1982 and 2007, Plaintiff made approximately four (4) to five (5) requests per year for promotion to full-time status of Dan Wood and other university officials.   These requests were all denied.   Plaintiff alleges that all other Physical Education teachers, not of his race, who have taught for as long as Plaintiff received full time positions long ago and that he has been treated differently than white instructors to his disadvantage.

During 2004 or thereabout, Lisa Norris, a younger white female, was promoted to Supervisor of Physical Education despite Plaintiff's superior experience and qualifications.

On January 13, 2006, Plaintiff made a formal, written request directed to his supervisor, Dan Wood, to be promoted and hired on a full time basis.  The request was denied in March 2006. Around May 3, 2007, Plaintiff renewed his request for promotion, and it was again denied.

After filing charges of discrimination with the Equal Employment Opportunity office at UCSC and with the NAACP, on or about February January 4, 2006, Plaintiff filed a timely charge of discrimination with the Equal Employment Opportunity Commission.  On or about August 11, 2007, Plaintiff filed a second EEOC charge, alleging retaliation and age discrimination.

## III.   DISCUSSION

### A.     Standards For Dismissal

Motions to dismiss under Fed. R. Civ. P. 12(b)(6) ("FRCP") are viewed with disfavor and are rarely granted. *Hall v. City of Santa Barbara*, 833 F.2d 1270, 1274 (9th Cir. 1986), cert. denied, 485 U.S. 940 (1988).  Standards for dismissal are exacting.  Dismissal under Rule 12(b) (6) may be based either on the "lack of a cognizable legal theory" or on "the absence of sufficient

facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990). The issue on a motion to dismiss for failure to state a claim is not whether the claimant will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims asserted. *Gilligan v. Jamco Development Corp.*, 108 F.3d 246, 249 (9th Cir. 1997). When evaluating a Rule 12(b)(6) motion, the court must accept all material allegations in the complaint as true and construe them in the light most favorable to the non-moving party. *Barron v. Reich,* 13 F.3d 1370, 1374 (9th Cir. 1994). The court is not required, however, to accept "conclusory legal allegations cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg,* 18 F.3d at 754-55.

Rule 12(b)(6) must be read together with Rule 8(a), which requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," allowing "the defendant fair notice of what the . . . claim is and the grounds upon which it rests," *Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957).  Also see *Neitzke v. Williams*, 490 U.S. 319, 327, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989) (Dismissal not appropriate under Rule 12(b)(6) based on disbelief of a complaint's factual allegations); *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S. Ct. 1683, 40 L. Ed. 2d 90 (1974) (A district court weighing a motion to dismiss asks "not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims").  The notice pleading standard set forth in Rule 8 establishes "a powerful presumption against rejecting pleadings for failure to state a claim." *Gilligan*, 108 F.3d at 248 (citations omitted).  A court may not dismiss a complaint for failure to state a claim unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46, 2 L. Ed. 2d 80, 78 S. Ct. 99 (1957). In keeping with this liberal pleading standard, the district court should grant the plaintiff leave to amend if the complaint can possibly be cured by the inclusion of additional factual allegations.

*Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995). Dismissal without leave to amend is appropriate only where a court is satisfied that the deficiencies of the complaint could not possibly be cured by [**20] amendment. *Chang v. Chen*, 80 F.3d 1293, 1296 (9th Cir. 1996); *Noll v. Carlson,* 809 F.2d 1446, 1448 (9th Cir. 1987).

The purpose of a motion to dismiss under FRCP 12(b)(6) is to test the formal sufficiency of the statement of the claim for relief. It is not a procedure for weighing the evidence. 5A Wright & Miller, *Federal Practice and Procedure* § 1356 (West 1990). In reviewing the sufficiency of the complaint, the issue is not whether the plaintiff will ultimately prevail but whether the plaintiff is entitled to offer evidence to support the claims asserted. *Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974).

The minimal requirement of notice pleading under Rule 8(a) governs review of the legal sufficiency of Plaintiff's claims in the context of a Rule 12(b)(6) motion to dismiss. *Lee v. Los Angeles*, 250 F.3d 668, 679-80(9th Cir. 2001). Only where the pleadings fail to satisfy Rule 8(a)'s liberal requirement of a short and plain statement of the claim showing that the pleader is entitled to relief would it be subject to dismissal under Rule 12(b)(6). Wright & Miller, *id.*

    **B.**    **The Complaint Alleges Facts Sufficient to State A Claim Against Defendant Dan Wood For Violation of 42 U.S.C. §§ 1981 and 1983, Eleventh Amendment Notwithstanding.**

Here, Plaintiff alleges that Defendant Dan Wood is a state university employee who deprived him of his civil rights by personally denying (and causing to be denied) Plaintiff's multiple requests for compensation for extra fencing duties, for additional teaching hours, and by denying Plaintiff promotion on multiple occasions within two to four years before the lawsuit was filed. (The statute of limitations for § 1981 is four years, and for § 1983, two years.) As the caption of the complaint makes plain, suit is brought against Dan Wood in his individual *and* official capacities. Complaint allegations are sufficient to state a claim against Dan Wood in his

individual capacity for deprivation of Plaintiff's civil rights in violation of 42 U.S.C. §§ 1981 and 1983. Long ago the U. S. Supreme Court held that the Eleventh Amendment does not immunize a state official who has deprived another of a federal right. *Ex Parte Young*, 209 U.S. 123 (1908). Also see *Scheuer v. Rhodes*, 416 U.S. 232, 237 (U.S. 1974). Nor does the Eleventh Amendment t immunize state officials from claims for injunctive relief brought against them in their official capacity. *Ex Parte Young, supra.* Plaintiff's prayer for relief is broad enough to encompass a claim for prospective injunctive relief against Wood in his official capacity.

### C. FRE 201 Requirements to Take Judicial Notice of EEOC Documents Are Not Satisfied. The Discriminatory Denial of Promotion Claim Is Exhausted Because It Appears In The Questionnaire And It Falls Within the Scope of A Reasonable EEOC Investigation.

A court may take judicial notice of an adjudicative fact that is: (1) not subject to reasonable dispute and either (2) generally known within the territorial jurisdiction of the trial court or (3) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. In order for a fact to be judicially noticed, *indisputability is a prerequisite.* Fed. R. Evid. ("FRE") 201(b).

Defendants move to dismiss Plaintiff's Title VII and FEHA causes of action on the ground that the exhaustion requirement has not been satisfied. In support of the failure to exhaust argument and the assertion of untimeliness, Defendants request that the Court take judicial notice of the EEOC charges. However, judicial notice is not appropriate here for the following reasons.

### 1. The EEOC Charges Do Not Qualify As Adjudicative Facts

First, the EEOC charges do not qualify as "adjudicative facts", and only adjudicative facts may be the subject of judicial notice under FRE 201. Adjudicative facts are those facts found by a court or agency "concerning the immediate parties--who

**LAW OFFICES**
FANIA E. DAVIS
Oakland

did what, where, when, how, and with what motive or intent[.]    …[T]he court or agency

is performing an adjudicative function, and the facts are conveniently called adjudicative

facts." Judicially noticed adjudicative facts are taken as established.  No further proof is

required.  Notes of Advisory Committee on FRE 201, quoting K. Davis & R. Pierce,

*Administrative Law Treatise* § 10.6, at 155 (3d ed. 1994).  Here, the charges do not contain

findings "adjudicated" by an agency; they solely contain allegations made by Plaintiff.

Nor has FRE 201's indisputability requirement been met.   The EEOC charges do not

indisputably establish the allegations were untimely filed because timeliness was *not* a fact

adjudicated by the administrative agency.

> **2.    Judicial Notice Is Not Appropriate Here Because the "EEOC Charges"
> Attached To Defendants' Motion Do Not Comprise The Entirety Of The
> Charge Within The Meaning Of The Law**

Judicial notice of the purported "EEOC charges" attached to Defendants' motion is

misleading and inappropriate (as conclusive evidence of failure to exhaust and therefore as

grounds for dismissal) because the U.S. Supreme Court has held that an intake questionnaire, like

the one submitted by Plaintiff here, is deemed a "charge" for purposes of satisfying the exhaustion

requirement. *Fed. Express Corp. v. Holwecki*, 128 S.Ct. 1147, 1161 (U.S. 2008).   In *Holowecki*,

the Court held that an intake questionnaire is deemed a "charge" when reasonably construed by

the EEOC as a request for the agency to take remedial action.  Here, Plaintiff completed and filed

an intake questionnaire with the EEOC.   See Exhibit A, attached herewith.[1]  At the top of the first

page, the questionnaire form bears language indicating the EEOC considers the form itself "a

charge".   The agency instructed the charging party to check a box if he did "not wish this

questionnaire to be considered a charge".  Plaintiff did not check the box, indicating he wished the

EEOC to consider the form a charge. *Id.*  In these circumstances, *Holowicki* instructs courts to defer to the agency's reasonable practice of considering the questionnaire a charge.  Needless to say, however, the questionnaire was not attached to Defendants' motion.

Further, though the "EEOC charges" of which Defendants request the Court to take judicial notice omit mention of Plaintiff's promotion claim as Defendants note, the questionnaire form makes it plain that Plaintiff was making a claim of discriminatory denial of promotional opportunity.   For instance, in response to Question 3 on the questionnaire, Plaintiff responded "The ongoing discrimination and retaliation in my department has left me passed over for any promotions to higher positions …" and "There are no black instructors or coaches that have ever been promoted to full time.  No fulltime careers were ever created for black instructors or coaches."  Similarly, in response to Question 4 on the questionnaire, Plaintiff states "I have been given no hope for promotion.  All other instructors of color have all gone.  The lack of promotion is one of the contributing factors to their departure.  One individual of color has won a hostile work environment portion of their lawsuit against OPERS."  In response to Question 10, Plaintiff requests the following relief, in part:"…  (e)  I deserve to be in a full time position; ....  (g)  I want the promotions."   Under *Holowicki*, this questionnaire is deemed a charge.  The clear statement that Plaintiff was asserting a claim for denial of promotion defeats Defendants' assertion that Plaintiff failed to exhaust administrative remedies as to this claim.

**3.        Ninth Circuit Precedent Holds All Claims Reasonably Related To Those Mentioned In The Charge Satisfy Exhaustion**

The third reason why the taking judicial notice of the four corners of the EEOC charges does not conclusively establish untimeliness is because "The EEOC charge [itself] must be construed 'with the utmost liberality.'" *Deppe v. United Airlines*, 217 F.3d 1262,

---

[1]   The attached questionnaire bears no date. (However, Plaintiff is in the process of obtaining EEOC official records which should reveal the date the questionnaire was filed.)

LAW OFFICES
FANIA E. DAVIS
Oakland

1    1267 (9th Cir. 2000) (quoting *EEOC v. Farmer Bros.* Co., 31 F3d 891, 899 (9th Cir

2    1994)).  This is especially so "since they are made by those unschooled in the

3    technicalities of formal pleading." *Kaplan v. Int'l Alliance,* 525 F.2d 1354, 1359 (9th Cir.

4    1975).  Ninth Circuit precedent holds that exhausted claims include those actually

5    investigated as well as those which "would have been within the scope of a 'reasonably

6    thorough investigation.'" *Farmer Bros.*, 31 F.3d at 899 n.5 (citing and quoting *Gibbs v.*

7    *Pierce County Law Enforcement Support,* 785 F.2d 1396, 1400 (9th Cir. 1986)). This

8    includes "new acts occurring during the pendency of the charge before the EEOC."

9    *Oubichon v. North American Rockwell Corp.,* 482 F.2d 569, 571 (9th Cir. 1973).   See also

10   *Sosa v. Hiraoka*, 920 F.2d 1451, 1456 (9th Cir. 1990) and *Yamaguchi v. United States*

11   *Dep't of the Air Force,* 109 F3d 1475, 1480 (9th Cir 1997).  Defendants' protestations to

12   the contrary notwithstanding, it cannot be overemphasized that the exhaustion test under

13   Ninth Circuit law is *not* whether all claims were mentioned in the actual EEOC charge.

14   This is precisely why Defendants' request that the Court take judicial notice of the "EEOC

15   charges"—to establish untimeliness—is misleading.  On the contrary, exhaustion is

16   satisfied if the claims raised in the lawsuit  were mentioned in the questionnaire and/or

17   "reasonably could have been expected to grow out of " investigation of the EEOC charge.

18   See *Yamaguchi v. United States Dep't of the Air Force*, 109 F.3d 1475, 1480 (9th Cir.

19   1997).  Here, even though it did not appear on the face of the charges, Plaintiff's claim in

20   the lawsuit that he made "approximately four (4) to five (5) requests *per* year from about

21   1982 to 2007 requests for promotion to full-time status" of Dan Wood and other university

22   officials to no avail "reasonably could have been expected" to grow out of the EEOC

23   investigation, (See Complaint, ¶ 24), particularly where Plaintiff emphatically and

24   repeatedly asserted his denial of promotion claim in the questionnaire, deemed a charge for

1  purposes of the exhaustion analysis pursuant to *Holowicki*.    Similarly, though not

2  appearing on the face of the EEOC charge, "new acts occurring during the pendency of the

3  charge before the EEOC", such as the denials of promotion in from January 2006 to May

4  2007 by Dan Wood and Cindy Mori as alleged in the Complaint, ¶¶ 34-37 here, are within

5  the scope of a "reasonably thorough investigation" by the EEOC (including review of

6  Plaintiff's emails, correspondence and other written memoranda documenting Plaintiff's

7  requests for promotion between 2005 and 2007). An investigation would have revealed the

8

9  existence of these additional allegations by Plaintiff.

10

11        In sum, U.S. Supreme Court and Ninth Circuit authority go beyond the four corners

12  of the EEOC charges to consider additional allegations in the questionnaire and as well as

13  those within the "scope of a reasonable investigation" to determine whether exhaustion is

14  satisfied.  For this reason, Defendants' motion to dismiss the EEOC/DFEH claims for

15  failure to exhaust based exclusively upon consideration of the purported "EEOC charges"

16  (attached to Defendants moving papers) is wholly without merit.

17

18                          **IV.    CONCLUSION**

19        For all the foregoing reasons, Plaintiff respectfully submits that Defendants' motion to

20  dismiss should be denied.

21  Dated:  May 9, 2008                          */s/*

22                                         _____
                                           COURTNEY BLACKBURN
23                                         In Pro Se

24

25

26

27

28