1  Dennis P. Howell, Esq., SBN 78806
2  Rebecca Connolly, Esq., SBN 145482
   GRUNSKY, EBEY, FARRAR & HOWELL
   A Professional Corporation
3  240 Westgate Drive
   Watsonville, CA 95076
4  Telephone (831) 722-2444
   Facsimile  (831) 722-6153
5
6  Attorneys for Defendant, The Regents of the
   University of California and Dan Wood
7

8                     UNITED STATES DISTRICT COURT
9                     NORTHERN DISTRICT OF CALIFORNIA
10                          SAN JOSE DIVISION
11

12 | COURTNEY A. BLACKBURN,            | No.  C07-4151 JF (RS)
13 |                        Plaintiff. |
   |                                   | **REPLY MEMORANDUM IN SUPPORT OF**
14 |       vs.                         | **MOTION TO DISMISS**
15 | REGENTS OF THE UNIVERSITY OF      | Date:  May 30, 2008
   | CALIFORNIA, et al.,               | Time:  9:00 a.m.
16 |                                   | Court: Courtroom 3, Fifth Floor
17 |                        Defendants.|

PRMC19630/mo-12b6-reply051508.doc
**C07-4151 JF (RS)**
**Reply Memorandum in Support of Motion to Dismiss**

# I.
# INTRODUCTION

The plaintiff's First, Second, Third and Fourth Causes of Action are time barred. Sovereign immunity prevents the plaintiff's Fifth, Sixth and Seventh Causes of Action from proceeding. The plaintiff's opposition has failed to point to any factual allegations that can cure the Complaint's defects. Dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure[1] of all causes of the action alleged against defendants is therefore appropriate.

# II.

## THE QUESTIONNAIRE DOES NOT CURE THE PLAINTIFF'S FAILURE TO TIMELY FILE AN ADMINISTRATIVE CHARGE REGARDING THE ALLEGED UNLAWFUL EMPLOYMENT ACTIONS

The plaintiff relies upon a recently decided United States Supreme Court case, *Federal Express Corp. v. Holowecki*, __ U.S. __, 128 S. Ct. 1147 (2008) to argue that the two separate EEOC charges of discrimination filed by plaintiff do not constitute the entire "charge" for purposes of determining whether the plaintiff's claims are timely under *Ledbetter v. Goodyear Tire & Rubber Co.*, ___ U.S. ___, 127 S. Ct. 2162, 2175 (2007). *Holowecki* does not compel the result suggested by plaintiff. Because the acts of discrimination alleged in the Complaint fall well outside of the 300-day time limit, his FEHA and Title VII claims are time barred, even considering the issues raised in the Questionnaire as part of the first filed EEOC charge of discrimination at issue herein.

The plaintiff argues that the Court cannot take judicial notice of the EEOC charges of discrimination notwithstanding the fact that the EEOC charges are an essential part of his Complaint. Ninth Circuit precedent, however, supports that judicial notice of the EEOC administrative record referenced by the plaintiff in his Complaint is proper. *See, e.g., Branch v. Tunnell*, 14 F.3d 449, 453-54 (9th Cir. 1994) (holding that on a Rule 12(b)(6) motion, the Court should limit its inquiry to the face of the complaint, documents referenced therein and matters subject to judicial notice); *Parrino v. FHP, Inc.,* 146 F.3d 699, 706 (9th Cir. 1998) ("We therefore hold that a district court ruling on a motion to dismiss may consider a document the authenticity of which is not contested, and upon

---

[1] Hereinafter, all references to "Rule" are to the Federal Rules of Civil Procedure.

1

PRMC19630/mo-12b6-reply051508.doc
**C07-4151 JF (RS)**
**Reply Memorandum in Support of Motion to Dismiss**

which the plaintiff's complaint necessarily relies"); *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986) ("On a motion to dismiss, we may take judicial notice of matters of public record outside the pleadings").

The plaintiff does not argue that the EEOC charges referred to in his Complaint at paragraphs 40 and 42 and attached as Exhibits "A" and "C" to the Request for Judicial Notice are not authentic. Paragraphs 40 and 42 specifically make reference to the January 4, 2006 and August 11, 2007 filing dates. In fact, the procedural posture of *Holowecki* involved the review of a district court decision that considered the question of whether a questionnaire constituted a "charge" on a motion to dismiss. Thus, under Rule 201, judicial notice of the EEOC charges is appropriate.

In the moving papers, the defendants compared the dates of the allegations set forth in the Complaint with the charges of discrimination filed on January 4, 2006 and August 11, 2007 and demonstrated why the separately actionable and temporally distinct acts of discrimination set forth therein occurred outside of one year limitation governing the First and Second Causes of Action and the 300-days administrative timeline for his Third and Fourth Causes of Action. (*See* Motion at 6:1-7:22.) The plaintiff's opposition fails to set forth how any of the factual allegations set forth in his Complaint fall within these temporal parameters.

The Questionnaire attached as Exhibit A to plaintiff's opposition references a handwritten charge number "370 2006 00061N". (Document 23-2, at p. 2.) This is the same charge number as that set forth in Exhibit "A" and referenced in plaintiff's complaint at paragraph 40. *See* Request for Judicial Notice, Exhibit "A". Thus, although undated, the Questionnaire was submitted in connection with the charge received January 4, 2006.

The Questionnaire does not raise any new acts of discrimination that are not covered in the Charge received January 4, 2006 or alleged in the Complaint. For example, the Questionnaire raises, *inter alia,* the following distinct acts of discrimination: (1) the failure to pay him for coaching the Club and the hiring of Eric Hansen in January 2005 (*compare* Document 23-2 at p. 4 *with* Complaint ¶¶ 20, 21, 22); (2) the failure to promote plaintiff to full-time status between 1982 and May of 2005 (*compare* Document 23-2 at p. 5 [paragraphs f) & i) both referring to the hiring of Lisa Norris in 2004] *with* Complaint at ¶¶ 24); (3) the failure to promote plaintiff to a supervisor position in 2004

2

PRMC19630/mo-12b6-reply051508.doc
**C07-4151 JF (RS)**
**Reply Memorandum in Support of Motion to Dismiss**

1  over Lisa Norris (*compare* Document 23-2 at p. 5 *with* Complaint at ¶ 30).  These are all discrete acts
2  of discrimination that are separately actionable and temporally distinct.  All of these alleged
3  discriminatory acts occurred more than one year and more than 300 days before plaintiff filed his
4  charge on January 4, 2006 and under *Ledbetter* and California Government Code § 12960(d) are time
5  barred.
6      The plaintiff fails to set forth how any of the separately actionable and temporally distinct acts
7  of discrimination set forth in his second charge of discrimination filed August 11, 2007 were timely
8  filed.  Plaintiff's second EEOC charge specifies that January 30, 2006 was the "latest date" that an act
9  of discrimination took place.  *See* Request Jud. Notice Exh. "C".  As more than one and one-half years
10 passed between January 30, 2006 and August 11, 2007, his First through Fourth Causes of Action
11 based upon his second EEOC charge are untimely.
12     The plaintiff argues that the Court should consider new acts occurring during the pendency of
13 the EEOC charge as timely and seems to imply that the alleged denials of promotion in January 2006
14 and May 2007 should be included within the first and second charges even though the plaintiff admits
15 that these alleged acts were not alleged as part of the first and second EEOC charges.  (*See* Opposition
16 at 10:1-9.)  Such an interpretation would be directly contrary to the recent United State Supreme Court
17 decisions holding that each discrete act triggers a new charging period.

> The EEOC charging period is triggered when a discrete unlawful practice takes place. A new violation does not occur, and a new charging period does not commence, upon the occurrence of subsequent nondiscriminatory acts that entail adverse effects resulting from the past discrimination. But of course, if an employer engages in a series of acts each of which is intentionally discriminatory, then a fresh violation takes place when each act is committed.

22 *Ledbetter*, 127 S. Ct. at 2169 (citing *AMTRAK v. Morgan*, 536 U.S. 101 (2002)).  Based on the
23 foregoing, the plaintiff's First, Second, Third and Fourth Causes of Action are barred as the plaintiff
24 failed to timely file an administrative charge regarding the alleged unlawful employment actions.
25 //
26 //
27 //
28 //

3

PRMC19630/mo-12b6-reply051508.doc
**C07-4151 JF (RS)**
**Reply Memorandum in Support of Motion to Dismiss**

### III.

### SOVEREIGN IMMUNITY BARS THE FIFTH, SIXTH AND SEVENTH CAUSES OF ACTION

The plaintiff does not dispute that sovereign immunity bars the claims against The Regents alleging deprivation of civil rights under the California Constitution, 42 U.S.C. § 1983 and 42 U.S.C. § 1981. Accordingly, the Fifth, Sixth and Seventh causes of action should be dismissed as to The Regents.

With respect to defendant Wood, the plaintiff argues that he has stated a claim against defendant Wood in his individual capacity and for injunctive relief in his official capacity. The Complaint, however, does not contain any request for injunctive relief. (*See* Complaint at p. 11.) Even if the plaintiff amended his Complaint to seek prospective injunctive relief against defendant Wood in his official capacity, such claims would be moot as defendant Wood has long since retired and is no longer an employee. *See Moreno v. Pia*, 490 F. Supp. 2d 1055, 1060 (C.D. Cal. 2007) (holding claims for prospective injunctive relief against state defendant in official capacity moot since the plaintiff was no longer incarcerated).

Additionally, while the caption references defendant Wood as acting in both his individual and official capacity, no allegation in the Complaint sets forth how the alleged discriminatory practices at paragraphs 15, 21, 24, 31 and 35 could be construed as actions in Wood's individual capacity. Defendant Wood in his individual capacity could not promote plaintiff, could not increase plaintiff's hours or take any action that would improve plaintiff's employment circumstances. All alleged discriminatory actions taken by defendant Wood with respect to the plaintiff could be performed only in his official capacity. As there are no allegations in the Complaint that assert that defendant Wood discriminated against the plaintiff in his individual capacity, sovereign immunity bars plaintiff's Fifth, Sixth and Seventh Causes of Action against defendant Wood.

//
//
//
//

4

PRMC19630/mo-12b6-reply051508.doc
**C07-4151 JF (RS)**
**Reply Memorandum in Support of Motion to Dismiss**

## IV.
## CONCLUSION

Plaintiff's First, Second, Third and Fourth Causes of Action are time barred because he failed to exhaust his administrative remedies by filing a timely administrative charge with the EEOC. Eleventh Amendment immunity bars plaintiff's Fifth, Sixth and Seventh Causes of Action. The defendants respectfully request that the Complaint be dismissed in its entirety.

DATED:    May 16, 2008                    GRUNSKY, EBEY, FARRAR & HOWELL

By */s/ Rebecca Connolly*
Rebecca Connolly, Attorneys for Defendants The Regents of the University of California and Dan Wood

5

PRMC19630/mo-12b6-reply051508.doc
**C07-4151 JF (RS)**
**Reply Memorandum in Support of Motion to Dismiss**

**PROOF OF SERVICE**
**[CCP §§ 1013a, 2015.5]**

I am over the age of eighteen (18) years and not a party to the within action. I am employed by the law firm of GRUNSKY, EBEY, FARRAR & HOWELL (the "firm"), and my business address is 240 Westgate Drive, Watsonville, California 95076.

On **May 16, 2008** I caused to be served the within **REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS** on the parties to this action, by placing a true copy thereof enclosed in a sealed envelope, addressed as follows and delivered in the manner indicated:

Courtney A. Blackburn
112 Otis Street
Santa Cruz, CA 95060

__XXX__ **[By Mail]:** I caused each envelope, with postage prepaid to be placed in the United States mail at Watsonville, California. I am readily familiar with the business practices of the firm regarding the collection and processing of correspondence for mailing with the United States Postal Service. Pursuant to such business practices, and in the ordinary course of business, all correspondence is deposited with the United States Postal Service on the same day it is placed for collection and mailing.

_____ **[By Federal Express]:** I caused each envelope to be delivered to Federal Express for overnight courier to the office(s) of the addressee(s).

_____ **[By Hand Delivery]:** I caused each envelope to be delivered by hand on the office(s) of the addressee(s).

_____ **[By Fax]:** On **May 16, 2008**, I served the within document on the parties in said action by facsimile transmission, pursuant to Rule 2.306 of the California Rules of Court. A transmission report was properly issued by the sending facsimile machine and the transmission was reported as complete and without error.

I declare, under penalty of perjury under the laws of the State of California, that the foregoing is true and correct, and that this declaration was executed on **May 16, 2008** at Watsonville, California.

　　　　　　　　　　　　　　　　　 */s/ Alice Wilkerson*
　　　　　　　　　　　　　　　　　 Alice Wilkerson