**E-Filed 6/12/2008**

NOT FOR CITATION

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| COURTNEY A. BLACKBURN,<br><br>                              Plaintiff,<br><br>          v.<br><br>REGENTS OF THE UNIVERSITY OF CALIFORNIA, et al.,<br><br>                              Defendant. | Case Number C 07-4151 JF<br><br>ORDER[1] GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS.<br><br>[re: docket no.17] |

Defendants Regents of the University of California ("UC"), et al. (collectively, "Defendants"), move to dismiss the complaint of Courtney A. Blackburn ("Plaintiff"). For the reasons set forth below, the motion will be granted in part and denied in part.

**I.  BACKGROUND**

UC is the public entity governing the state's public universities, including the University of California, Santa Cruz ("UCSC") campus. Defendant Dan Wood ("Wood") is Plaintiff's

---

[1] This disposition is not designated for publication and may not be cited.

1    supervisor and an employee of UCSC.[2]

2         Plaintiff, a 58-year-old African-American male, alleges the following.  Plaintiff was hired

3    by UCSC's Office of Physical Education, Recreation and Sports ("OPERS") as a lecturer in

4    1980.  Plaintiff  was hired as a Physical Education Program Instructor to teach two sections of

5    Tai Chi classes for four hours per week.  Plaintiff's position was renewed on an annual basis.

6    Throughout his employment, Plaintiff has met or exceeded performance expectations and has

7    won several awards.

8         Plaintiff asserts that Defendants intentionally and unjustifiably discriminated against him

9    on the basis of his color, national origin and age.  Plaintiff first requested an increase to half-time

10   or greater than half-time employment in 1981, but did not receive such an increase until 1991.

11   Plaintiff alleges that similar requests of other teachers were met long before his request was

12   granted.  Between 1982 and 2007, Plaintiff made four or five requests per year for full-time

13   status.  He alleges that other non-minority Physical Education Instructors with less experience

14   have been promoted to full-time positions.

15        Plaintiff alleges that in the early 1990's, Wood promised to promote him to half-time by

16   adding Tai Chi hours or a fencing program.  In 1995, Plaintiff's hours were increased from six to

17   twelve hours per week, a part-time appointment, through the addition of a fencing program.

18   Between 1995 and 2000, Plaintiff served as the fencing club coach, but he was not compensated

19   for this position despite multiple requests.  Plaintiff alleges that in January 2005, UCSC hired a

20   new coach for the fencing team, a white male, and compensated the new coach for this position.[3]

21   In 1996, Plaintiff was reclassified as a Physical Instructor II, but he remained a part-time

22   employee.

23        In 2000, Plaintiff was granted a half-time position of twenty-two hours per week and

24   thereafter received pay increases until he reached the $14,313.29 maximum salary for half-time

25

26        [2] Defendants assert that UCSC and the Regents are not separate legal entities.  This

27   assertion is not disputed.

28        [3] Defendants allege that this new coach was hired at an unspecified earlier date.

2

1  employees.  Plaintiff  nonetheless alleges that he is paid less than other similarly situated

2  instructors not in his protected class.

3       Plaintiff further alleges that in 2004 he was passed over for a promotion to a supervisor

4  position despite his experience and qualifications.  The position was granted to Lisa Norris, a

5  younger white female.  From 2004 to 2005, Plaintiff taught Tai Chi at the UCSC Health and

6  Wellness Center.  Though he expected to return in the fall of 2005, a new Tai Chi teacher not in

7  his protected class was hired to replace him.  This occurred after Plaintiff had filed a complaint

8  of racial discrimination with the NAACP in May 2005.  In early 2006, Wood promised Plaintiff a

9  Fencing Supervisor position, but the position never materialized.

10      On September 15, 2005, Plaintiff filed a complaint with the Equal Employment

11 Opportunity/Affirmative Action ("EEO/AA") office at UCSC, alleging discrimination on the

12 basis of his race, color and age.  On November 23, 2005, the EEO/AA office issued a report

13 concluding that there was no evidence of discrimination or retaliation against Plaintiff.  On

14 January 4, 2006, Plaintiff filed a race discrimination charge and Intake Questionnaire with the

15 EEOC.  The charge alleges discriminatory acts occurring between November 11, 2005 and

16 December 14, 2005, but it also alleges that these acts constituted "continuing action."[4]

17      On January 13, 2006, Plaintiff submitted a written request for a full-time position to

18 Wood.  Shortly thereafter, Wood referred Plaintiff to Cindy Mori ("Mori"), the coordinator for

19 the Physical Education Department.  On or about March 20, 2006, Plaintiff reiterated his request

20 in writing to Mori.  Mori responded that funds were not available for a promotion at that time,

21 but she would keep his request on file.  On May 3, 2007, Plaintiff sent Mori an additional

22 request.  In April 2006, Plaintiff complained to the University Chancellor about his situation.

23 The Chancellor referred him to UCSC's EEO/AA office and the EEOC.

24      Plaintiff filed a second charge with the EEOC on August 14, 2007.  In this complaint,

25 Plaintiff alleged race and age discrimination and retaliation.  He claimed that the last act of

26 discrimination occurred on January 30, 2006, but he also continued to assert his claim that such

27

28     [4] The EEOC dismissed the charges on May 15, 2007 and issued a right to sue letter.

Case No. C 07-4151 JF
ORDER GRANTING IN PART DEFENDANT'S MOTION TO DISMISS
(JFLC1)

1   discrimination constituted "continuing action."  The EEOC dismissed this charge on August 14,

2   2007 because the charge was not timely filed; however, another right to sue letter was issued.

3   Plaintiff filed the instant action *pro se* on August 13, 2007, alleging that Defendants' conduct

4   violated Cal. Gov't Code §12940, *et seq*. (2004); Title VII of the 1964 Civil Rights Act; 42

5   U.S.C. 1981 *et seq*. (1991) and the California Constitution.

6       Defendants move to dismiss Plaintiff's complaint pursuant to Federal Rule of Civil

7   Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.  Defendants

8   contend that Plaintiff's first, second, third and fourth claims for relief are barred for failure to

9   timely file an administrative charge.  Defendants also contend that Plaintiff's fifth, sixth and

10  seventh claims for relief are barred by the Eleventh Amendment to the United States

11  Constitution.  Defendants raised arguments concerning Plaintiff's retaliation claims at oral

12  argument, however, these arguments are not ripe for consideration here.[5]

## II.  LEGAL STANDARD

14      A complaint may be dismissed for failure to state a claim upon which relief can be

15  granted for one of two reasons: (1) lack of a cognizable legal theory or (2) insufficient facts under

16  a cognizable legal theory.  *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955 (2007); *Conley v.*

17  *Gibson*, 355 U.S. 41, 45-46 (1957); *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 533-

18  34 (9th Cir. 1984).  For the purposes of a motion to dismiss, the Plaintiff's allegations are taken

19  as true and the Court must construe the complaint in the light most favorable to the plaintiff.  The

20  Court's review is further limited to the face of the complaint and matters judicially noticeable

21  pursuant to the Federal Rules of Evidence, Rule 201.  FED. R. EVID. 201; *Jenkins v. McKeithen*,

22  395 U.S. 441, 421 (1969); *MGIC Indemnity Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir.

23  1986); *North Star Int'l v. Arizona Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983) .  The

24  pleading of a *pro se* litigant is held to a less stringent standard than a pleading drafted by an

25  attorney, and is to be afforded the benefit of any doubt. *Haines v. Kerner*, 404 U.S. 519, 520

26  _____

27      [5] At oral argument, Defendants also raised new arguments concerning Plaintiff's
    retaliation claims.  Because leave to amend will be granted, the Court will defer consideration of
28  these arguments.

Case No. C 07-4151 JF
ORDER GRANTING IN PART DEFENDANT'S MOTION TO DISMISS
(JFLC1)

1  (1972); *Karim-Panahi v. Los Angeles Police Department*, 839 F.2d 621, 623 (9th Cir. 1988).  In

2  addition, a *pro se* litigant must be given leave to amend unless it is absolutely clear that the

3  deficiencies of the complaint cannot be cured by amendment.  *Lucas v. Department of*

4  *Corrections*, 66 F.3d 245, 248 (9th Cir. 1995).

5  ### III.  DISCUSSION

6  **A.  Plaintiff's First, Second, Third and Fourth Claims for Relief Are Barred in Part for Failure to File a Timely Administrative Charge**

7  Plaintiff argues that all of his claims were timely filed because his first charge with

8  the EEOC, No. 370-2006-00061, should be deemed filed as of the date of his Intake

9  Questionnaire.  In the Questionnaire, Plaintiff alleges that Defendants continuously have

10  failed to promote him.  *See* Plaintiff's Exhibit "A."  The instant complaint alleges that

11  Defendants have failed to promote Plaintiff four to five times per year.

12  An EEOC Intake Questionnaire will be considered a "charge" when "reasonably

13  construed as a request for the agency to take remedial action to protect the employee's

14  rights or otherwise settle a dispute between the employer and the employee."  *Fed.*

15  *Express Corp. v. Holoweki*, 128 S. Ct. 1147, 1158 (U.S. 2008).  In *Holoweki*, the

16  Respondent's request for the agency to "[p]lease force Federal Express to end their age

17  discrimination plan so we can finish out our careers absent the unfairness and hostile

18  work environment" was construed as a request for the agency to act.  *Id*. at 1160.  In the

19  instant case, Plaintiff's request that the EEOC initiate a "full investigation into OPER'S

20  [sic] and anywhere else in the UC system where this illegal, discriminatory system

21  stands," along with his request that the EEOC meet eleven other demands, may also be

22  construed as a request for remedial action.  *See* Plaintiff's Exhibit "A."

23  Plaintiff also argues that his claims would be deemed timely filed because the Ninth

24  Circuit previously has held that a "charge" of discrimination with the EEOC includes

25  any act that either "fell within the scope of the EEOC's *actual* investigation" or any act

26  that reasonably could have been expected to grow out of an investigation of the EEOC

27  charge.  *Yamaguchi v. United States Dep't of the Air Force*, 109 F.3d 1475, 1480 (9th

28

5

1  Cir. 1997) (emphasis in original).  Plaintiff contends that investigation of the acts of

2  discrimination alleged in the complaint not specifically listed in his EEOC charge,

3  including Defendants' alleged refusal to promote him four to five times a year,

4  reasonably would have grown out of the EEOC investigations of the acts he did identify.

5  Plaintiff notes that an "EEOC charge [itself] must be construed 'with the utmost

6  liberality.'" *Deepe v. United Airlines*, 217 F.3d 1262, 1267 (9th Cir. 2000) (internal

7  citations omitted).

8       Defendants contend that their alleged failures to promote Plaintiff in January 2006

9  and May 2007 are not properly before the Court in light of the Supreme Court's recent

10  holding in *Ledbetter v. Goodyear Tire & Rubber Co.,* 127 S. Ct. 2162 (2007).  In

11  *Ledbetter*, the Supreme Court affirmed that "[t]he EEOC charging period is triggered

12  when a discrete unlawful practice takes place."  127 S. Ct. at 2169.  The Court further

13  explained that:

14       A new violation does not occur, and a new charging period does not
commence, upon the occurrence of subsequent nondiscriminatory acts that

15  entail adverse effects resulting from the past discrimination.  But of course,
if an employer engages in a series of acts each of which is intentionally

16  discriminatory, then a fresh violation takes place when each act is
committed.

17

18  *Id.*  Defendants appear to suggest that if the alleged failures to promote in January 2006

19  and May 2007 are fresh violations, then they could not reasonably have been considered

20  during the investigation of Plaintiff's earlier allegations.  The Court concludes that such

21  a reading of *Ledbetter* is unduly narrow, at least at the pleading stage.

22       Plaintiff's first charge and Intake Questionnaire were filed with the EEOC on

23  January 4, 2006.  Investigation continued until May 15, 2007, when the EEOC dismissed

24  Plaintiff's claim.  *See* Defendant's Exhibit "B."  Accordingly, any alleged acts of

25  discrimination occurring between January 4, 2006 and May 15, 2007 may be considered

26  as part of this initial charge.  Plaintiff has not alleged any acts of discrimination

27  occurring after May 3, 2007.  Further legal analysis of the Plaintiff's second charge, filed

28  and dismissed on August 14, 2007, thus is unnecessary.

6

1    Defendants also argue that Plaintiff's claims are barred by the one year statute of

2    limitations contained in Cal. Gov't Code § 12940, *et seq*.  As noted above, Plaintiff filed

3    his first charge with the EEOC on January 4, 2006, rendering any alleged acts of

4    discrimination that occurred prior to January 4, 2005 time-barred.  Accordingly, the

5    portion of Plaintiff's claims based on the following allegations will be dismissed without

6    leave to amend:

7        (1) Defendants' failure to promote Plaintiff prior to January  4, 2005;

8        (2) Defendants' failure to increase Plaintiff's work hours prior to January 4, 2005;

9        (3) Wood's failure to honor promises made prior to January 4, 2005;

10       (4) Plaintiff's claim that he was underpaid and experienced disparate treatment

11           prior to January 4, 2005.[6] A plaintiff asserting a claim under Title VII must file

12           an administrative charge within 300 days of the alleged act of discrimination.

13           Title VII, 42 U.S.C.A. § 2000e-4(a)(4)(ii)(B). Because Plaintiff filed his first

14           administrative charge with the EEOC on January 4, 2006, his Title VII claim is

15           time-barred as to any alleged acts of discrimination that occurred prior to March

16           11, 2005.  Thus, the portions of Plaintiff's Title VII claim based on the

17           following allegations will be dismissed without leave to amend:

18       (1) Defendants' failure to promote Plaintiff prior to March 11, 2005;

19       (2) Defendants' failure to increase Plaintiff's time prior to March 11, 2005;

20       (3) Wood's failure to honor any promises made prior to March 11, 2005;

21       (4) Plaintiff's claim that he was underpaid and experienced disparate treatment

22           prior to March 11, 2005.

23       (5) Defendants' replacement of Plaintiff as fencing club coach with a  non-black

24           individual who was then compensated for his coaching duties prior to March 11,

25

26    _____

27        [6] The validity of Plaintiff's claims regarding his replacement as fencing coach depend
     upon the date that UCSC hired the replacement coach.  Plaintiff alleges this coach was hired in
     January 2005, while Defendants claim the coach was hired much earlier.  It would be
28    inappropriate to resolve the factual dispute in the pleading stage.

7

1    2005.

2        Except as set forth above, the motion to dismiss Plaintiff's First, Second, Third and

3    Fourth Claims for Relief will be denied.

4        **B.    Plaintiff's Fifth, Sixth and Seventh Claims for Relief Are Barred by the Eleventh Amendment of the United States Constitution.**

5

6        Defendants argue that the Eleventh Amendment immunity applies to UC and UCSC

7    as arms of the state, and to Wood as a public employee acting in his official capacity.

8    Plaintiff concedes that Defendants are correct with respect to UC or UCSC.  However,

9    Plaintiff argues that a claim against Wood as a public official and an individual may be

10   valid notwithstanding the Eleventh Amendment.

11       The Ninth Circuit consistently has held that UC and its campuses are arms of the

12   state of California.  *See, e.g.*, *Thompson v. City of Los Angeles*, 885 F.2d 1439 (9th Cir.

13   1989).  As a result, Eleventh Amendment immunity generally extends to the Regents and

14   UCSC in § 1981 and § 1983 actions.  *See, e.g.*, *Pittman v. Oregon, Employment Dep't*,

15   509 F.3d 1065 (9th Cir. 2007); *Mitchell v. Los Angeles Cmty. Coll. Dist.*, 861 F.2d 198

16   (9th Cir. 1988).  The Eleventh Amendment also bars tort claims against the state alleging

17   a violation of the California Constitution.  *See Gilbreath v. Cutter Biological Inc.*, 931

18   F.2d 1320 (9th Cir. 1991).  Accordingly, Plaintiff's fifth, sixth and seventh claims for

19   relief against UC and UCSC will be dismissed without leave to amend.

20       As to Wood, Plaintiff alleges only that Wood acted in his official capacity.  *See*

21   Complaint ¶¶ 21, 24, 31, 34-35.  As Defendants argue here, Wood was not capable of

22   promoting Plaintiff in his individual capacity, nor was he capable of meeting any of

23   Plaintiff's other demands as an individual.  The Supreme Court has held that "a suit

24   against a state official in his or her official capacity is not a suit against the official but

25   rather is a suit against the official's office.  As such, it is no different from a suit against

26   the State itself."  *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989)

27   (citations omitted).  Plaintiff's reliance on *Ex Parte Young*, 209 U.S. 123 (1908), is

28   misplaced here as he has not requested injunctive relief.  Thus, Plaintiff's claims against

8

Wood under the California Constitution, § 1981 and § 1983 are barred by Eleventh

Amendment immunity.[7]

### IV.  ORDER

Good cause therefor appearing, IT IS HEREBY ORDERED that the motion to dismiss is

GRANTED in part and DENIED in part.  Leave to amend is granted with respect to Plaintiff's

Fifth, Sixth and Seventh Claims for Relief to the extent permitted in footnote seven.  Any

amended complaint shall be filed within thirty (30) days of the date of this order.


DATED: June 12, 2008


_____
JEREMY FOGEL
United States District Judge

---

[7] As discussed at oral argument, Plaintiff may amend his complaint to name an
appropriate defendant capable implementing an order granting injunctive relief.  Plaintiff also
may allege private discriminatory acts by Wood or his successor(s).

Case No. C 07-4151 JF
ORDER GRANTING IN PART DEFENDANT'S MOTION TO DISMISS
(JFLC1)

1    <u>This Order has been served upon the following persons:</u>

2    Courtney A. Blackburn
   112 Otis Street
3    Santa Cruz, CA 95060

4    Rebecca Connolly
   Grunsky, Ebey, Farrar and Howell, APC
5    240 Westgate Drive
   Watsonville, CA 95076
6    Fax: (831) 722-2444
   Email: Rebecca.Connolly@grunskylaw.com

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No. C 07-4151 JF
ORDER GRANTING IN PART DEFENDANT'S MOTION TO DISMISS
(JFLC1)